**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**
**CIVIL ACTION NO. 3:16-CV-34-TBR**

JANICE D. YOUNGBLOOD,                                                                                        Plaintiff

v.

LIFE INSURANCE COMPANY OF NORTH AMERICA,                                              Defendant

**MEMORANDUM OPINION**

This matter comes before the Court upon the motion to transfer venue filed by Defendant Life Insurance Company of North America. (DN 12). Plaintiff Janice Youngblood has responded, (DN 13), and Defendant has replied. (DN 14). This matter is ripe for adjudication. For the reasons below, the Court will GRANT Defendant's Motion to Transfer Venue.

BACKGROUND

This action arises out of Plaintiff Janice Youngblood's claim for long-term disability benefits from a policy issued and administered by Defendant Life Insurance Company of North America ("LINA"). Youngblood filed her claim pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA") Pub. L. No. 93-406, § 502(e)(2), 88 Stat. 829, 892 (codified at 29 U.S.C. § 1132(e)(2) (2012)).

Youngblood is a resident of Winfield, Alabama, which is located in the Northern District of Alabama. Youngblood worked for Joy Global, Inc. ("Joy Global"), a company headquartered in Milwaukee, Wisconsin. However, Youngblood worked for a Joy Global office located in Alabama. In support of her claim Youngblood submitted medical records from her doctors who are also located in Alabama. LINA is a Pennsylvania company with its principal place of business in Philadelphia.

1

Youngblood filed this action in the Western District of Kentucky. LINA now moves to transfer this case to the Northern District of Alabama. Youngblood request that this case remain in Kentucky or, alternatively, be transferred to the Eastern District of Wisconsin.

## STANDARD

28 U.S.C. § 1404(a) provides that, for "the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The plain text of § 1404(a) requires a two-part analysis. The Court must first determine if the action could have originally been filed in the transferee district. *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964). If so, the Court must then determine "whether, on balance, a transfer would serve 'the convenience of the parties and witnesses' and otherwise promote 'the interest of justice.'" *Atl. Marine Constr. Co. v. U.S. Dist. Court for W. Dist. of Tex.*, 134 S. Ct. 568, 581 (2013) (quoting 28 U.S.C. § 1404(a)).

In the usual case, the Court evaluates various private- and public-interest factors, always mindful to "give some weight to the [plaintiff's] choice of forum." *Id.* Factors relevant to the parties' private interests include (1) the convenience of the parties, (2) the convenience of the witnesses, (3) the accessibility of relevant evidence, (4) the availability of compulsory process to make reluctant witnesses testify, (5) the cost of obtaining willing witnesses' testimony, and (6) any other practical problems that make trial of a case easy, expeditious, and inexpensive. *Reese v. CNH Am. LLC*, 574 F.3d 315, 320 (6th Cir. 2009); see also *Atlantic Marine*, 134 S. Ct. at 581 n.6. Public-interest factors comprise the second category. Although more amorphous than the first, these factors involve such matters as (1) administrative difficulties flowing from court congestion, (2) the local interest in deciding the controversy at home, and (3) in a diversity case,

the interest of having the trial in a forum familiar with governing law. *Atlantic Marine*, 134 S. Ct. at 581 n.6.

Neither recitation is exhaustive, but each is illustrative of the issues typically considered by the courts of this Circuit. "As the permissive language of the transfer statute suggests, district courts have 'broad discretion' to determine when party 'convenience' or 'the interest of justice' make a transfer appropriate." *Reese*, 574 F.3d at 320. The movant bears the burden of showing that transfer is appropriate. *Boiler Specialists, LLC v. Corrosion Monitoring Servs., Inc.*, No. 1:12-CV-47, 2012 WL 3060385, at *2 (W.D. Ky. July 26, 2012) (collecting cases).

## DISCUSSION

LINA moves to transfer this case to the Northern District of Alabama. Youngblood objects to transferring this case from Kentucky. Alternatively, Youngblood requests that if the case is transferred, it be sent to the Eastern District of Wisconsin. This Court finds that **(I)** venue is proper in both the Northern District of Alabama and the Eastern District of Wisconsin. The Court also finds **(II)** the interest of justice and convenience to parties and witnesses weigh in favor of a transfer to the Northern District of Alabama.

### I. Venue is Proper in the Northern District of Alabama and the Eastern District of Wisconsin.

As an initial matter, venue must be proper in another district before the Court can transfer. Venue in an ERISA action is proper in any district "where the plan is administered, where the breach took place, or where a defendant resides or may be found." 29 U.S.C. § 1132(e)(2). "A defendant 'resides or may be found,' for ERISA venue purposes, in any district in which its 'minimum contacts' would support the exercise of personal jurisdiction." *Moore v. Rohm & Haas Co.*, 446 F.3d 643, 646 (6th Cir. 2006) (citing *Waeltz v. Delta Pilots Ret. Plan*,

3

301 F.3d 804, 809–10 (7th Cir. 2002); *Varsic v. U.S. Dist. Court for Cent. Dist. of Cal.*, 607 F.2d 245, 248–49 (9th Cir. 1979)).

Venue is proper in the Eastern District of Wisconsin because that is where the plan is administered. Venue is proper in the Northern District of Alabama because that is the location where the breach took place. *Keating v. Whitmore Mfg. Co.*, 981 F. Supp. 890, 892 (E.D. Pa. 1997) ("Time after time, courts have found that a breach that results from plaintiffs being denied benefits occurs where the benefits are to be received by the original pension holder"). Accordingly, the Court may transfer this action to either District.

## II. The Interest of Justice and Convenience to Parties and Witnesses Weigh in Favor of a Transfer to the Northern District of Alabama.

The Court must next look at whether the weight of the private- and public-interest factors warrants retaining this case in the Western District of Kentucky or transferring this action to another District. The Court will first discuss why **(A)** transferring this case from Kentucky is appropriate. The Court will then discuss why **(B)** the balance of private- and public-factors favors transfer to the Northern District of Alabama.

### A. Transferring this case from the Western District of Kentucky is appropriate.

As a general matter, a "Plaintiff's choice is forum" is "entitled to considerable weight in determining whether transfer is warranted." *Shanehchian v. Macy's, Inc.*, 251 F.R.D. 287, 290 (S.D. Ohio 2008) (citation omitted). However, "[w]hen the plaintiff's choice is not its home forum . . . the presumption in the plaintiff's favor 'applies with less force,' for the assumption that the chosen forum is appropriate is then 'less reasonable.'" *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 423 (2007) (quoting *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255–56 (1981))).

4

The Western District of Kentucky is not Youngblood's home forum. Nor does the Western District of Kentucky appear to have any connection to this case. No meaningful event occurred in Kentucky. Nor does any party or witness resides in the Western District of Kentucky. *Mazzarino v. Prudential Ins. Co. of Am.*, 955 F. Supp. 2d 24, 31 (D.D.C. 2013) (finding parties' convenience favored transfer where plaintiff resided in Utah but filed in the District of Columbia). Kentucky's sole connection to this case appears to be the fact that Youngblood's counsel is located in Kentucky and chose to file this case in Kentucky. This Court has previously declined to afford counsel's location any weight. *See e.g. Whitehouse v. Life Ins. Co. of N. Am.*, No. 3:15-CV-00639-TBR, 2015 WL 7587361, at *1 (W.D. Ky. Nov. 25, 2015) (collecting cases); *Solomon v. Cont'l Am. Life Ins. Co.*, 472 F.2d 1043, 1047 (3d Cir. 1973) ("The convenience of counsel is not a factor to be considered.").

As the Court will discuss below, both the Northern District of Alabama and the Eastern District of Wisconsin have stronger interest in this case which warrant transfer to those Districts. Accordingly, the Court finds no reason for this case to remain in the Western District of Kentucky. *AMF, Inc. v. Computer Automation, Inc.*, 532 F. Supp. 1335, 1339-40 (S.D. Ohio 1982) ("jury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation") (citation omitted).

**B. The balance of private- and public-factors favors transfer to the Northern District of Alabama.**

Having found that transfer is appropriate, the Court must next decide whether the Northern District of Alabama or the Eastern District of Wisconsin is the more convenient venue.

As this is an ERISA case, Youngblood's action will primarily be decided using the administrative record on which LINA relied when it denied her claim. *See Dorsey v. Hartford Life & Accident Ins. Co.*, No. 1:08-CV-243, 2009 WL 703384, at *5 (E.D. Tenn. Mar. 16, 2009);

*see also Hilbert v. Lincoln Nat'l Life Ins. Co.*, No. 3:14-CV-565-JGH, 2015 WL 1034058, at *2 (W.D. Ky. Mar. 9, 2015). Consequently, the relative ease of access to sources of proof, the convenience of witnesses, the availability of compulsory process, and the cost of obtaining willing witnesses' testimony are not factors which weigh as heavily as in other civil cases. However, if the parties do decide to have witnesses testify, this factor favors the Northern District of Alabama over the Eastern District of Wisconsin. Youngblood, as well as her doctors, is located in Alabama. LINA employees are a party witness and may be required to travel, unlike Youngblood's treating physicians. *Stearman v. Ferro Coals, Inc.*, 2015 U.S. Dist. LEXIS 121768 *15 (W.D. Ky. 2015). Youngblood argues the "only potential witnesses are the person who signed the claim denial letter, the person who signed the appeal denial letter, and a 30(b)(6) deponent," but admits "[t]hese persons are located in Texas and Pennsylvania." (DN 13). The Court does not see any reason why these parties cannot travel as easily to Alabama as Wisconsin. Since some potential witnesses are located in Alabama and no potential witnesses are located in Wisconsin, this factor favors transfer to the Northern District of Alabama.

  The Court also finds that Youngblood, who is located in Winfield, Alabama, would be more convenience by having this case transferred to the Northern District of Alabama. Should she need to be deposed, be ordered to attend a settlement conference, or simply wish to view a hearing in her case, the Northern District of Alabama is most convenient. 15 Charles Alan Wright et al., Federal Practice and Procedure § 3849 (3d ed.), Westlaw (database updated April 2015) ("In determining the relative convenience of the different fora for each party, the court, not surprisingly, considers the residence of the parties."). The Northern District of Alabama also has a greater interest in deciding the issues in this case. Not only is it the place where Youngblood

resides, but it is also the location where the alleged breach occurred. *See Cole v. Cent. States Se.*, 225 F. Supp. 2d 96, 98–99 (D. Mass. 2002).

Youngblood argues strenuously that her choice of forum should be afforded substantial weight. Youngblood cites case law for the proposition that "unlike defendant forum shopping, plaintiff forum shopping 'is not an evil to be avoided, but rather is an inherent part of our federal court network.'" *United States v. Cinemark USA, Inc.*, 66 F. Supp. 2d 881, 889 (N.D. Ohio 1999) (*quoting* Stowell R.R. Kellner, Note, "Adrift on an Uncharted Sea": A Survey of Section 1404(a) Transfer in the Federal System, 67 N.Y.U.L. REV. 612, 638 (1992)). However, the *Cinemark* case went on to note that "[w]hen a plaintiff has little or no connection to the chosen forum, however, the plaintiff's reason for choosing the forum—and remaining in the forum—is diminished and thus should be given less weight." *Id*; *see also Lewis v. Allegheny Ludlum Corp.*, 2011 U.S. Dist. LEXIS 148584 (N.D. Ohio, 2011). The *Cinemark* case is also distinguishable because it is not an ERISA case. A plaintiff's preference for a forum, one which is not plaintiff's home forum and has little connection to the case, will not defeat a defendant's well-supported motion to transfer to a more convenient forum.

## CONCLUSION

For the reasons discussed above, Defendant Life Insurance Company of North America's Motion to Transfer (DN 14) is **GRANTED**. The Clerk of the Court is **DIRECTED** to transfer the above-captioned action to the United States District Court for the Northern District of Alabama. An appropriate Order will issue separate from this Memorandum Opinion.

cc: counsel